**DENNICK, Plaintiff-Appellee, v. MILLER, Defendant-Appellant.**

Ohio Appeals, Second District Montgomery County.

No. 1763.   Decided January 21, 1944.

A. K. Meck, Dayton, for plaintiff-appellee.
Joseph W. Sharts, Dayton, for defendant-appellant.

## OPINION

By GEIGER, J.

This matter is on appeal from the Common Pleas Court of Montgomery County. The litigation in that Court gave occasion for an unusual number of pleadings. We will state the case as briefly as possible. William C. Dennick for his First Cause of Action, in his second amended petition, says that he is the owner in fee simple of certain real estate located in Montgomery County, Ohio; that he is the son of William Dennick from whom he inherited the real estate, and that he ob-

tained a Certificate of Title to the real estate issued by the Probate Court on January 10, 1938, and recorded the same in the Deed Records of Montgomery County.

Julia A. Foody was the owner of the real estate in fee on July 21, 1904, when she executed a mortgage to the defendant, William F. Miller to secure the payment of a note for $300.00, same being due one year after date. Said mortgage was inferior to another mortgage on said real estate. Thereafter said Julia A. Foody executed a deed of assignment to Robert T. Kelly for the benefit of creditors; assignment proceedings were conducted in the Probate Court; there was no personal property coming into the hands of the assignee, and he commenced proceedings to sell the real estate to pay debts and expenses. In his petition he asked for authority to sell the real estate for that purpose and made defendant herein a defendant. Defendant entered his appearance and filed an answer and cross petition, setting up his mortgage lien and asking that said mortgage be paid out of the proceeds of sale; the Probate Court ordered the real estate sold as prayed for, and the sale was made to William Dennick on April 23, 1905, and was approved by the Court, and the said William Dennick paid the purchase price to the assignee and obtained a deed; upon the distribution of the proceeds, the court found that there was not sufficient money available to pay liens and incumbrances which were superior to said mortgage of William F. Miller and to pay attorney's fees and expenses.

It is asserted that no amount has ever been paid on the note or mortgage and that the action thereon is barred by the statute of limitations on both the note and mortgage; that since April 22, 1905, William Dennick and his successor in title have had open, notorious, adverse possession of the real estate as against William F. Miller, and as against the world; that on December 23, 1940, the defendant, William F. Miller, filed an affidavit, which was written on said mortgage, that by virtue of the mortgage, he had an interest in the property described, amounting to $985.93; that said mortgage was taken in good faith and was still held to secure said sum. William F. Miller had the mortgage re-recorded. It is alleged that said mortgage is not a valid lien on any of said real estate, and that William F. Miller did not have and has no right in said real estate; that the re-recording of said mortgage constitutes a cloud against plaintiff's title to said real estate.

## SECOND CAUSE OF ACTION.

For a second cause of action plaintiff asserts that the mortgage and note are barred by the statute of limitation, but this issue is not before this Court. It is alleged that the re-recording constitutes a cloud on the title; that the allegations of the mortgage were false and so known to the defendant, William F. Miller, and that its filing was with the intent to damage plaintiff's title.

Plaintiff prays for judgment against the defendant, removing the cloud and cancelling the mortgage and quieting title. Judgment is asked in the sum of $900.00 for damages.

An amended answer to the plaintiff's second amended petition was filed on November 5, 1942. It is admitted that the plaintiff is the son of William Dennick, deceased, and obtained a certificate of transfer to said real estate issued by the Probate Court. It is admitted that Julia A. Foody was the owner of said real estate and executed and delivered a mortgage securing a $300.00 note dated July 31, 1904; that the same was a second mortgage; that she delivered a deed of assignment as alleged in the petition, and that the proceedings were conducted thereon in the Probate Court to sell the real estate to pay debts; that the defendant filed an answer and cross-petition setting up his mortgage lien; that the Probate Court ordered the real estate to be sold, which was done in 1905 to William Dennick, and the sale was approved and confirmed, and that William Dennick paid the purchase price and obtained a deed; that the Probate Court, upon distribution of the proceeds of sale, found that there was not sufficient money to pay the liens superior to defendant's mortgage lien, and that no amount has ever been paid on his note or mortgage.

Defendant further says that the statements of the affidavit are true, and were made in good faith to protect his interests; that in 1905 the Probate Court found there was due to the answering defendant on his said note the sum of $312.50, and that his mortgage had been duly recorded, and that after the lien of a prior mortgage was the first and best lien, and ordered the assignee to sell the premises "as upon execution"; that on April 24, 1905, the Probate Court confirmed the sale and ordered the assignee to deliver to the purchaser a proper deed and that he pay out of the proceeds the taxes, costs and other liens upon the premises, according to their priority; that, thereupon, a final entry was filed on May 4, 1905, stating the amount of the taxes and costs and allowing compensation and expenses to the assignee, including attorney's

fee of $440.00, as the third lien; that the Germania Company held the fourth lien in the amount of $5,704.22, and that this defendant had a fifth lien in the amount of $315.00 and ordered the same to be paid out of the proceeds of sale "if the same will reach that far", and that said payment was to be applied as a credit on the mortgage lien of this defendant, but it is stated the said Court did not make any order for the entry of a release and satisfaction of said mortgage, and that said mortagage has stood uncancelled of record; that William Dennick and his successor took the property subject to the dependant's mortgage lien, and not by adverse possession, and that said mortgage became absolute upon the note becoming due; that prior to the beginning of the present action, The Miami Savings & Loan Company filed a suit upon its mortgage subsequently given upon the same real estate, praying for the sale of the real estate, and that the title to the property be quieted against all claims of the defendant; that prior to this action, both the plaintiff and the defendant filed their answers, setting up their respective claims, and that said prior action was still pending at the time the plaintiff filed this action, and is still pending. The defendant asks to go hence with his costs.

To this amended answer, an amended reply is filed by the plaintiff, and sets up that defendant's cause of action was barred by §11,219 GC, before the defendant had re-recorded his mortgage.

Plaintiff admits that the Probate Court did not make any order that any release should be recorded in the Recorder's office, but alleges that said mortgage was released by the proceedings in the Probate Court even tho no entry was recorded in the Recorder's office showing that the proceedings were had in the Probate Court; that the claim on the mortgage was dormant before any action was filed, and continues to be dormant by virtue of §8546-2 GC, and did not constitute a cloud on plaintiff's title until November 25, 1940, when the defendant re-recorded said mortgage, this suit being filed to remove the cloud; other allegations were made.

The death of the defendant, William F. Miller being suggested, the court finds that Ida D. Lukey is his only heir. At a later date, it was ordered that the action be revived as to the First Cause of Action against Ida D. Lukey, individually, and Ida D. Lukey, as Executrix of the estate of William F. Miller. The Court having rendered a decision on the merits of the

case on November 9, 1942, on request makes a finding of fact and conclusion of law which may be briefly stated.

FINDING OF FACT that the defendant, William F. Miller, has died, and that the cause may proceed against Ida D. Lukey as an individual and as Executrix of the estate of William F. Miller; that Julia A. Foody was the owner of the real estate in 1904, and that on said date she executed a mortgage to the defendant, William F. Miller to secure the payment of a $300.00 note due one year after date. The Court finds the facts as to the assignment of Julia A. Foody to Robert T. Kelly, and the sale of the real estate to pay debts, said real estate being sold to William Dennick on April 22, 1905; that William Dennick paid the purchase price and receivded a deed; that the Court found on March 29, 1905, that there was due and owing the defendant on said mortgage the sum of $312.00; that the mortgage had been duly recorded; the Court finds as to the various liens, and that the defendant, William F. Miller, held the fifth lien in order of priority; that the fund derived from the sale of said premises was paid in accordance with the order of priority, and that the defendant, William F. Miller, received no money to apply upon his note and mortgage; that the Probate Court did not make any order for the release of the mortgage upon the records of the Recorder's office; that William C. Dennick is a son of William Dennick, who purchased the real estate under the proceedings in the Probate Court, and that he inherited said premises from his father and obtained a certificate of transfer which was duly recorded; that since 1905 William Dennick has had continuous possession of said real estate and claimed to be the owner thereof in fee simple, free of the lien given to William F. Miller; that William Dennick executed a mortgage to The Miami Savings & Loan Association, and that said Association filed a suit to foreclose; that both William C. Dennick and William F. Miller, were named as parties defendant; that on November 23, 1940, William F. Miller made an affidavit upon his original mortgage stating in substance that by virtue of the mortgage, he has an interest in the property then amounting to $985.93, and that in 1940 he re-recorded said mortgage.

CONCLUSIONS OF LAW: As conclusions of law, the Court finds that the judicial sale in the Probate Court was regular; that the rights of the defendant under said mortgage were fully adjudicated, and his lien extinguished; that the signing and filing of an entry in the Probate Court to release the lien

as a matter of record in the Recorder's office was purely an administrative act, and that the failure on the part of the Probate Judge to make an order, did not preserve any right in the defendant by virtue of his mortgage; that the affidavit written upon the face of defendant's mortgage did not change the status of the defendant's alleged lien, if he had any lien. The Court further finds that it is not necessary for the determination of this action to make a finding upon the question of adverse possession; that the plaintiff has adopted the proper method to remove the incumbrance of the refiled mortgage, and that the plaintiff is entitled to judgment upon his first cause of action, and an order is so issued.

A motion for new trial was filed by Ida D. Lukey, setting out five grounds therefor, all of which were overruled, and the final entry shows the overruling of the motion and orders that the mortgage executed by Julia A. Foody and re-recorded be cancelled and the proper certificate thereof be recorded in the Recorder's office.

Appeal is taken from this final order.

The simple question is whether or not the Probate Court, in the assignment matter had final jurisdiction to order the assignee to sell the real estate and pay the liens in accordance with their priority, and that if an insufficient sum had been obtained from said sale to pay the mortgage lien of the defendant, that the same by virtue of the court's proceeding, was as a matter of fact extinguished, even though there be no specific order of the Probate Court directing that the lien of such mortgage be cancelled at the time of the sale of the property by the assignee of Julia A. Foody. This question gives rise to a number of interesting briefs in which the counsel for Ida A. Lukey skillfully argues that the action in the Probate Court did not terminate the mortgage, even though the record disclosed the fact that the property did not sell for sufficient amount to pay the lien of such mortgage. We have followed with interest counsel's arguments, but are unable to concur therewith. We believe that the action in the Probate Court in the sale of the assignor's real estate was efficient to finally terminate and cancel liens for the payment of which no money was realized. It would not avail us anything to follow and answer the arguments of counsel for Mrs. Lukey.

Judgment of the Court below affirmed.

BARNES, P. J., and HORNBECK, J., concur.